**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

_____

GLENN OLSON,

          Petitioner,

    vs.

STATE OF MONTANA,

          Respondent.

CAUSE NO. CV 05-55-M-LBE

FINDINGS AND RECOMMENDATION OF UNITED STATE MAGISTRATE JUDGE

_____

    This matter comes before the Court on Petitioner's Request for a Writ of Coram Nobis stemming from the Montana Supreme Court's denial of his "Writ of Supervisory Control."

    Mr. Olson's state court Writ of Supervisory Control alleged that the Ravalli County District Court disregarded Uniform District Court Rule 2 when it denied his motion to vacate a bench warrant prior to the State filing a response to the motion. He also argued that the response filed by the State was not relevant to the underlying issue and that the validity of the warrant and Ravalli County's jurisdiction were being addressed in a petition for writ of habeas corpus. The Montana Supreme Court found that Mr. Olson had not established extraordinary circumstances sufficient enough for the Court to exercise supervisory control and therefore denied the writ.

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 1

In this Court, Mr. Olson seeks a Writ of Coram Nobis. However, a petition for a writ of coram nobis "lies only to challenge errors occurring in the same court." Hensley v. Mun. Ct., 453 F.2d 1252, 1252 n. 2 (9th Cir. 1972), rev'd on other grounds, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). As Mr. Olson is seeking to challenge a state court proceeding in federal court coram nobis is not appropriate. 7 Moore's Federal Practice ¶ 60.14, p. 46.

Subsequently, Mr. Olson filed "Supplemental Information/ Issues/ Request". (Dkt. # 9). This document discussed a number of issues pertaining to a number of arrests and/or convictions including a conviction out of Silver Bow County, Montana; a July 28, 2004 arrest in Helena, Montana; an August 18, 2005 warrant issued from Ravalli County, Montana; and a September 21, 2005 revocation on the Ravalli County warrant. Mr. Olson also takes issue with the manner that the Montana Department of Corrections is calculating his most recent sentence.

Given the number of issues that Mr. Olson has raised in his subsequent filings it would be impossible for the Court to even try to construe this case as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts clearly provide that "a petitioner who seeks relief from judgments of more than one state court must file a separate

petition covering the judgment or judgments of each court." Therefore, if Mr. Olson is seeking to challenge each of these convictions, he must file a separate petition for each such conviction.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

Mr. Olson's Petition for Writ of Coram Nobis should be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon Petitioner. Petitioner is advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court within twenty (20) days after receipt hereof, or objection is waived.

<u>Petitioner is cautioned that he must keep the Court advised of any change of address</u>. Failure to keep the Court so advised is grounds for dismissal of this action.

DATED this 19th day of April, 2006.

/s/ Leif B. Erickson
Leif B. Erickson
United States Magistrate Judge